E-filing

ADR

ORIGINAL
FILED
JUN 2 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Paul E. Smith, Cal. Bar No. 216644
LAW OFFICES OF PAUL E. SMITH
16870 West Bernardo Dr., Suite 400
San Diego, California 92127
Telephone: (858) 679-3396
Facsimile: (858) 630-4947
psmith@paulsmithlaw.com

Attorney for Plaintiff
BRANDON GRISSOM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No.: C07-03264 WDB

Brandon Grissom,

                    Plaintiff,

          v.

Wolpoff & Abramson, L.L.P. and
Palisades Collection, L.L.C.,

                    Defendants.

COMPLAINT FOR UNLAWFUL DEBT
COLLECTION PRACTICES

DEMAND FOR JURY TRIAL

BY FAX

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages as well as costs and

attorney fees brought by an individual consumer for violations of the federal Fair Debt

Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") and the

California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.*

(hereinafter, "state Act"), which prohibit debt collectors from engaging in abusive,

deceptive, and unfair practices.

- 1 -

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

3.      Plaintiff Brandon Grissom (hereinafter, "Plaintiff") is a natural person and resident of Solano County, California.

4.      Wolpoff & Abramson, L.L.P. (hereinafter, "Wolpoff") is a limited liability partnership headquartered in the state of Maryland.  Wolpoff regularly conducts business in the Northern District of California and the events upon which this action is based occurred in whole or in substantial part in the Northern District of California.

5.      Palisades Collection, L.L.C. (hereinafter, "Palisades") (hereinafter, Wolpoff and Palisades are collectively "Defendants") is a New Jersey corporation.  Palisades regularly conducts business in the Northern District of California and the events upon which this action is based occurred in whole or in substantial part in the Northern District of California.

## FACTS

6.      On or about March 17, 2006, Defendants filed a collection lawsuit against Plaintiff.

7.      Defendants filed a proof of service of Plaintiff and then obtained a default judgment on or about July 21, 2006, despite Plaintiff never actually having been served with the lawsuit.

8.      On or about December 15, 2006, Plaintiff successfully moved for and obtained an order from the court setting aside the default judgment, with the Judge stating that he did not believe the Defendants that Plaintiff had actually been served.

9.      On or about January 17, 2007, Plaintiff contacted Wolpoff's office as per the judge's instructions when he granted the motion to set aside the default judgment. Plaintiff spoke with someone identifying herself as "Mrs. Basky" who claimed to be a paralegal. Mrs. Basky claimed the now vacated judgment was still in effect, and

- 2 -

threatened to garnish Plaintiff's wages. Mrs. Basky became angry and hung up on Plaintiff when Plaintiff repeated that the default judgment had been vacated.

10.   On or about January 18, 2007, someone identifying herself as an employee of Wolpoff telephoned Plaintiff's spouse at her place of employment. She stated that she was doing an "employment verification." When Plaintiff's spouse asked the name of the employee, the Wolpoff employee replied "Brandon Grissom." When informed that Plaintiff did not work there, and that she had reached Plaintiff's spouse, Wolpoff's employee demanded to know where Plaintiff was working and how much money he made there. This call was intentionally deceptive and intended to intimidate Plaintiff into paying the alleged debt.

11.   On or about April 2, 2007, after being informed that Plaintiff would now be represented by an attorney, Wolpoff voluntarily dismissed the collection action against Plaintiff.

12.   As a direct and proximate result of Defendants' actions, Plaintiff suffered actual damages including, but not limited to, unnecessarily incurred costs and attorney fees, loss of productivity, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, insomnia, nausea, stress, and anger.

## FIRST CLAIM FOR RELIEF

### Violation of Federal Fair Debt Collection Practices Act

13.   Plaintiff realleges and incorporates by reference paragraphs 1 through 12 above as if fully set out herein.

14.   Plaintiff is a "consumer" within the meaning of the FDCPA.

15.   Defendants are "debt collectors" within the meaning of the FDCPA.

16.   Defendants alleged that Plaintiff owed a "debt" within the meaning of the FDCPA.

17.   Defendants violated the FDCPA, 15 U.S.C. §1692e(2), by communicating a false impression of the character, amount, or legal status of the alleged debt.

- 3 -

COMPLAINT

18.   Defendants violated the FDCPA, 15 U.S.C. §1692e(4), by communicating an impression that nonpayment of the alleged debt would result in the garnishment of property and/or wages when such action was not lawful and/or was not intended.

19.   Defendants violated the FDCPA, 15 U.S.C. §1692e(5), by threatening to take action that could not legally be taken and/or was not intended to be taken.

20.   Defendants violated the FDCPA, 15 U.S.C. §1692e preface and e(1), by using false, deceptive, and/or misleading representations or means in connection with collection of the alleged debt.

21.   Defendants violated the FDCPA, 15 U.S.C. §1692f(1), by attempting to collect an  amount not authorized by the agreement creating the alleged debt and/or permitted by law.

22.   Defendants violated the FDCPA, 15 U.S.C. §1692f preface, by using unfair and/or unconscionable means to attempt to collect the alleged debt.

23.   Defendants violated the FDCPA, 15 U.S.C. §1692d preface, by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff in connection with the attempted collection of the alleged debt.

24.   Defendants violated the FDCPA, 15 U.S.C. §1692b(1), by contacting persons other then the Plaintiff for purposes other then confirming or correcting location information concerning Plaintiff.

25.   As a result of the above violation of the FDCPA, Defendants are liable to Plaintiff for Plaintiff's statutory damages and costs and attorney fees.

### SECOND CLAIM FOR RELIEF

### Violations of California Fair Debt Collection Practices Act

26.   Plaintiff realleges and incorporates by reference paragraphs 1 through 25 above as if fully set out herein.

27.   Plaintiff is a "debtor" within the meaning of the state Act.

28.   Palisades is a "debt collector" within the meaning of the state Act.

- 4 -

COMPLAINT

29.    The debt Palisades alleged is owed by Plaintiff was a "debt" and "consumer debt" within the meaning of the state Act.

30.    Palisades violated the state Act, Cal. Civ. Code §1788.15(a), by attempting to collect the alleged debt by means of judicial proceedings when Palisades knew that service of process had not been legally effected.

31.    Each and every violation of the FDCPA as described herein is a violation of the state Act.

32.    As a result of the above violations of the state Act, Palisades is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A.    Actual damages of at least $50,000;

B.    Statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000 per violation of the FDCPA;

C.    Statutory damages pursuant to Cal. Civ. Code §1788.30(b) in the amount of $1,000 per violation of the state Act;

D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k and Cal. Civ. Code §1788.30(c);

E.    For such other and further relief as may be just and proper.


Dated: June 19, 2007                    LAW OFFICES OF PAUL E. SMITH


                                        By: _____
                                            PAUL E. SMITH
                                            Attorney for Plaintiff
                                            BRANDON GRISSOM

- 5 -

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: June _19_, 2007

LAW OFFICES OF PAUL E. SMITH

By: _____

PAUL E. SMITH
Attorney for Plaintiff
BRANDON GRISSOM

- 6 -

COMPLAINT