TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
Wolpoff & Abramson, LLP and
Palisades Collection LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BRANDON GRISSOM, | ) CASE NO.: C 07 03264 WDB |
|---|---|
| Plaintiff, | ) |
| vs. | ) **ANSWER OF DEFENDANT PALISADES COLLECTION LLC TO COMPLAINT** |
| WOLPOFF & ABRAMSON, L.L.P and PALISADES COLLECTION, L.L.C, | ) |
| Defendants. | ) |

Defendant PALISADES COLLECTION LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff BRANDON GRISSOM ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (the "Rosenthal Act") are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d) and 28 U.S.C. § 1337. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Defendant admits, on information and belief, the allegations of Paragraph 3 of the Complaint.

4. In answering Paragraph 4 of the Complaint, Defendant admits, on information and belief, that defendant Wolpoff & Abramson LLP is a limited liability partnership with its principal place of business in Maryland and that it transacts interstate business with residents of the Northern District of California. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendant admits that it is a New Jersey limited liability company. Defendant further admits that it transacts interstate business with residents of the Northern District of California. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendant admits that it caused a complaint to be filed against Plaintiff through its attorneys, Wolpoff & Abramson LLP (the "Underlying Action"), the contents of which are self-

1  explanatory.  Except as herein admitted, the remaining allegations of Paragraph 6
2  are denied.

3    7.  In answering Paragraph 7 of the Complaint, Defendant admits that it
4  filed a proof of service of the summons and complaint in the Underlying Action
5  through its attorneys Wolpoff & Abramson LLP and obtained a default judgment
6  on or about July 21, 2006.  Defendant lacks sufficient knowledge to form a belief
7  as to the remaining allegations of Paragraph 7, and on that basis, denies them.

8    8.  In answering Paragraph 8 of the Complaint, Defendant admits that on
9  or about December 15, 2006, Plaintiff moved for an Order setting aside the default
10 judgment in the Underlying Action and that the court issued an Order granting
11 Plaintiff's motion, the contents of which are self-explanatory.  Except as herein
12 admitted, the remaining allegations of Paragraph 8 are denied.

13    9.  Defendant denies, on information and belief, the allegations of
14 Paragraph 9 of the Complaint.

15    10.  Defendant denies, on information and belief, the allegations of
16 Paragraph 10 of the Complaint.

17    11.  Denied.

18    12.  Denied.

19    13.  Defendant incorporates by reference its responses to Paragraphs 1-12
20 above, as if fully stated herein.

21    14.  In answering Paragraph 14 of the Complaint, Defendant lacks
22 sufficient knowledge to form a belief as to whether Plaintiff's financial obligation
23 at issue was incurred primarily for personal, family or household purposes, and
24 therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as
25 defined by the FDCPA, 15 U.S.C. § 1692a(3) and on that basis, denies the
26 allegation.  Except as herein admitted, the remaining allegations of Paragraph 14
27 are denied.

28

15. In answering Paragraph 15 of the Complaint, Defendant admits that it has, at times, acted as a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant also admits, on information and belief, that Wolpoff & Abramson LLP has, at times, acted as a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. In answering Paragraph 16 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff's financial obligation at issue qualifies as a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5). On that basis, defendant denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. Denied.
18. Denied.
19. Denied.
20. Denied.
21. Denied.
22. Denied.
23. Denied.
24. Denied.
25. Denied.

26. Defendant incorporates by reference its responses to Paragraphs 1-25 above, as if fully stated herein.

27. In answering Paragraph 27 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and

1 therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as
2 defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(h).  On that basis,
3 Defendant denies the allegation.  Except as herein admitted, the remaining
4 allegations of Paragraph 27 are denied.

5     28.    In answering Paragraph 15 of the Complaint, Defendant admits that it
6 has, at times, acted as a debt collector as defined by the Rosenthal Act, Cal. Civ.
7 Code § 1788.2(c).  Except as herein admitted, the remaining allegations of
8 Paragraph 15 are denied.

9     29.    In answering Paragraph 29 of the Complaint, Defendant admits that
10 Plaintiff's financial obligation at issue is a "debt" as defined by the Rosenthal Act,
11 Cal. Civ. Code § 1788.2(d).  Defendant lacks sufficient knowledge to form a belief
12 as to whether Plaintiff's financial obligation at issue was incurred primarily for
13 personal, family or household purposes, and therefore can neither admit nor deny
14 whether Plaintiff's financial obligation at issue qualifies as a "consumer debt" as
15 defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(f) and on that basis, denies
16 the allegation.  Except as herein admitted, the remaining allegations of Paragraph
17 29 are denied.

18     30.    Denied.
19     31.    Denied.
20     32.    Denied.

21
22 **<u>AFFIRMATIVE DEFENSES</u>**
23 As and for separate affirmative defenses to the Complaint, Defendant
24 alleges as follows:
25 //
26 //
27 //
28

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
## (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (No Wilful Conduct)

Defendant acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

//
//
//

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Litigation Privilege)

The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's state law claims are therefore barred, in whole or in part, by the litigation privilege.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Defendant's alleged conduct and communications in attempting to collect a debt is entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretation of the provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon the exercise of Defendant's rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: August 3, 2007        SIMMONDS & NARITA LLP
                             TOMIO B. NARITA
                             JEFFREY A. TOPOR

                             By:    /Tomio B. Narita/
                                    Tomio B. Narita
                                    Attorneys for defendant
                                    Wolpoff & Abramson, LLP and
                                    Palisades Collection LLC